UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WILLIAM SHERWOOD and PAMELA LOUISE SHERWOOD, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation d/b/a The Burlington Northern and Santa Fe Railway Company, and JOHN DOES I through X,<br><br>Defendants. | Case No.: 1:16-cv-00008-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION FOR CLARIFICATION (DKT. 135)** |

Pending is Plaintiffs' Motion for Clarification of Memorandum Decision and Order Re: Document Request in Rule 30(b)(6) Deposition Notice (Dkt. 135). Having carefully considered the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## BACKGROUND

On May 9, 2018, this Court ruled on Plaintiffs' motion to compel (Dkt. 41), which sought relief on numerous discovery issues. The motion was largely granted, with the Court ordering Defendant to produce certain documents and to submit to a re-opened Rule 30(b)(6) deposition on certain topics. (Dkt. 134.) One topic at issue in the re-opened deposition is Defendant's preservation of evidence. Plaintiffs now move to clarify whether Defendant's designee(s) must bring to the re-opened deposition any documents reviewed in preparation. (Dkt. 135.) Plaintiffs want an order requiring Defendant to produce "All documents or communications that the Designee(s) reviewed when preparing for this deposition." Mot. for Clarification ¶ 4 (Dkt. 135)

**MEMORANDUM DECISION AND ORDER RE MOTION FOR CLARIFICATION – 1**

(quoted from Deposition Notice at Dkt. 41-34 p. 4).

## DISCUSSION

Plaintiffs seek "clarification of whether their Motion to Compel is granted or denied with respect to the request that BNSF produce documents that Mr. Flatten and any subsequent BNSF Rule 30(b)(6) designee(s) reviewed in preparation for their depositions, including specifically BNSF's internal preservation requests." Mot. for Clarification ¶ 5 (Dkt. 135). They say they requested those documents in the Deposition Notice but that BNSF neither objected nor complied. *Id.* ¶ 4. Mr. Flatten, Defendant's Rule 30(b)(6) designee, did not bring any documents to the deposition. Flatten Dep. 189:13–16 (Dkt. 41-7). Plaintiffs' motion implies they believe that Mr. Flatten did review certain documents, including internal preservation requests.

But there is no evidence before the Court that Mr. Flatten did, in fact, review such documents in preparation for the original deposition. During that deposition, Plaintiffs' counsel inquired as to the documents, or categories of documents, Mr. Flatten reviewed. *Id.* at 187:1–3, 189:17–19. After objecting on privilege grounds (*Id.* at 187:4–5), Defendant's counsel identified, and Mr. Flatten acknowledged, several categories of documents Mr. Flatten reviewed: claims files for prior incidents, discovery productions, discovery responses, ROC tickets, and hotline complaints. *Id.* at 189:20–190:12. Thereafter, Plaintiffs' counsel asked Mr. Flatten "Any other documents that you reviewed besides the ones you just went through?" *Id.* at 190:17–19. Mr. Flatten answered, "No." *Id.* at 190:20. After additional questions about how Mr. Flatten prepared for the deposition, focusing primarily on conversations he had, the deposition concluded. Simply put, the Court has no reason to believe that Mr. Flatten did review any internal preservation requests, in light of his testimony identifying several categories of documents he did review and his assertion he reviewed no other documents.

**MEMORANDUM DECISION AND ORDER RE MOTION FOR CLARIFICATION – 2**

Plaintiffs' Deposition Notice required the production of those documents Mr. Flatten "reviewed when preparing for th[e] deposition." Absent evidence Mr. Flatten reviewed any internal preservation requests, the Deposition Notice provides no basis to order Defendant, now, to produce any such documents with respect to the prior deposition.

However, Plaintiffs' motion to compel requested that, if Defendant's Rule 30(b)(6) deposition were re-opened, Defendant's designee would, again, be required to "bring with him, her, or them for inspection and copying documents reviewed in preparation for the reopened deposition, including but not limited to BNSF's internal preservation requests regarding the crossing at issue in this case." Plfs.' Mot. to Compel 3 (Dkt. 41). This is a reasonable and typical request in such circumstances, and the Court will grant it.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that, at the re-opened Rule 30(b)(6) deposition ordered in the Memorandum Decision and Order Re Motion to Compel and Motion to Strike Supplemental Authority (Dkt. 134), Defendant BNSF's designee(s) shall bring with him, her, or them for inspection and copying documents reviewed in preparation for the re-opened deposition, including but not limited to BNSF's internal preservation requests regarding the crossing at issue in this case. No other relief is awarded based on Plaintiffs' Motion for Clarification of Memorandum Decision and Order Re: Document Request in Rule 30(b)(6) Deposition Notice (Dkt. 135). That motion is now resolved.

DATED: **May 15, 2018.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge