UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WILLIAM SHERWOOD and PAMELA LOUISE SHERWOOD,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation, dba The Burlington Northern and Santa Fe Railway Company, and JOHN DOES I through X,<br><br>Defendants. | Case No. 2:16-cv-00008-BLW<br><br>**MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION IN LIMINE RE: KENNETH RUSK** |

## INTRODUCTION

Before the Court is Plaintiff Robert Sherwood's Motion to Exclude Testimony from Kenneth Rusk (Dkt. 165). The Court will grant in part and deny in part the motion. As will be explained below, Mr. Rusk may testify only as to his personal opinions, but he may not purport to testify on behalf of the Federal Railroad Administration (FRA), nor can he say his opinions are the FRA's. Additionally, he may not describe informal discussions among FRA employees or state what position the FRA had taken on any issue within its jurisdiction, unless those discussions and that position were publicly stated by officials with authority to speak on its behalf. In short, it is the Court's intention that Mr. Rusk not be allowed to bolster his opinion with some suggestion that he has a

unique insider's understanding of the FRA's decision-making.

## DISCUSSION

At trial, Defendant BNSF Railway Co. plans to call Kenneth Rusk as an expert witness. Rusk has 40 years' experience in the railroad industry, including having worked with the FRA for over 20 years, from 1994 to 2016. He plans to testify that "neither the grade crossing surface nor the approaches at the Schweitzer Mountain Road crossing of the BNSF Railway violate FRA regulations." *See Rusk Report*, Dkt. 51-2, ¶ 7, at 5. More specifically, he will opine that this crossing did not "deviate" from two FRA track safety standards, one relating to drainage, *see* 49 C.F.R. § 213.33, and the other to "ballast," *see* 49 C.F.R. § 213.03. *See Rusk Report* ¶¶ 8-9.

Plaintiff says Mr. Rusk cannot offer any expert testimony at all because he is a former FRA employee. The United States Department of Transportation has promulgated regulations prohibiting current and former FRA employees from testifying as experts in private litigation. *See* 49 C.F.R. §§ 9.1, 9.3, 9.9. The relevant regulation provides that, "in legal proceedings between private litigants . . . .[a]n employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the Department." 49 C.F.R. § 9.9 (c).[1] A separate regulation

---

[1] The full text of § 9.9(c) is shown here:

In legal proceedings between private litigants:

(c) An employee shall not testify as an expert or opinion witness with regard to any matter arising out of the employee's official duties or the functions of the

(Continued)

defines the term "employee" to include both current and former employees. § 9.3.

The Department of Transportation promulgated these regulations under the authority of the federal housekeeping statute,[2] which provides:

> The head of an Executive department or military department may prescribe regulations for the government of his department, *the conduct of its employees*, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property. This section does not authorize withholding information from the public or limiting the availability of records to the public.

5 U.S.C. § 301 (emphasis added).

BNSF contends that the Department of Transportation overstepped its authority because the housekeeping statute does not say anything about former employees. This Court must therefore decide if the Department's regulations are consistent with the housekeeping statute.

The inquiry is guided by the two-step process set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 845 (1984). Under *Chevron*, the first step is to ask "whether Congress has directly spoken to the precise question at issue. *Id.* at 842. "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.

---

Department. An employee who is asked questions that call for expert or opinion testimony shall decline to answer on the grounds that it is forbidden by this part. Agency counsel shall advise the employee on how to proceed if the presiding officer directs the employee to provide expert or opinion testimony.

[2] Regulations promulgated under this statute are sometimes called *Touhy* regulations, based on the Supreme Court decision, *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which upheld the validity of regulations promulgated by the head of a federal agency under the housekeeping statute.

**MEMORANDUM DECISION AND ORDER - 3**

*Id.* at 842-43. But if "the statute is silent or ambiguous with respect to the specific issue," then the Court proceeds to the second step of the *Chevron* analysis, which is to ask "whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. A court may not, however, defer to an agency interpretation that is "arbitrary, capricious, or manifestly contrary to the statute." *Id.*

The Court's first task under *Chevron* is to determine whether the housekeeping statute authorizes the Department of Transportation to establish rules governing testimony of former employees. There is no binding authority on this topic and just a handful of courts have wrestled with this precise issue. They all reached the same conclusion, however, that the regulations are invalid to the extent they purport to apply to former employees. As one court put it: "In short, the text, structure, and purpose of the Housekeeping Statute all compel the conclusion that the phrase 'conduct of its employees' refers to current employees alone and, thus, that USDOT's regulations regulating when 'employees' may testify are invalid to the extent they purport to apply to former employees." *Koopmann v. United States Dep't of Transp.*, 335 F. Supp. 3d 556 (S.D.N.Y. 2018) (citing *La. Dep't of Transp. & Dev. v. United States Dep't of Transp.*, No. 15-CV-2638 (RGJ), 2015 WL 7313876 (W.D. La. Nov. 20, 2015); *Gulf Oil Corp. v. Schlesinger*, 465 F. Supp. 913, 917 (E.D. Pa. 1979) (stating in dictum that former employees could be deposed because agency regulations to the contrary were "based upon 5 U.S.C. § 301, which on its face applies only to employees and not former employees of government agencies and departments"); *Gulf Grp. Gen. Enters. Co. W.L.L. v. United States*, 98 Fed. Cl. 639, 644 (2011) (stating in dictum that the agency's *Touhy*

regulations could not be applied to former employees because "the language of the statute at 5 U.S.C. § 301 authorizes prescribing regulations for 'the conduct of its employees,' that is, present employees").

The Court agrees and, without belaboring the point, will adopt the reasoning contained in these decisions. *Koopmann*, in particular, is relevant as it considered and rejected many of the same arguments plaintiff advances here. The central teaching of *Koopmann* – and the Court agrees with it – is that the statutory term "employee" unambiguously covers only current employees – not current and former employees. *See* 335 F. Supp. at 560-65. The Court also notes, more generally, that construing the housekeeping statute to cover former employees would likely raise First Amendment issues. *Accord id.* at 564 ("construing the statute to mean that a person who works for a federal agency, however briefly, is forever subject to that agency's regulatory authority would raise a host of practical – if not constitutional – questions,"; *citing United States v. Marchetti*, 466 F.2d 1309, 1317 (4th Cir. 1972) (recognizing that the First Amendment sets limits on the government's authority to regulate the speech of a former federal employee)). A former employee such as Mr. Rusk should logically be permitted to testify regarding his personal opinions, so long as he does not purport to announce official FRA policy, reveal privileged information, or otherwise undermine the governmental interests the *Touhy* regulations serve to protect. *Cf. United States ex rel. Pogue v. Diabetes Treatment Centers of America*, 474 F. Supp. 2d 75, 80 (D.D.C. 2007) ("[T]here is no authority indicating that HHS can block all testimony by a former employee as to that individual's personal opinions and observations, absent the assertion of a specific

privilege.")[3]

Given this ruling, the Court does not need to proceed to step two of the *Chevron* analysis and will further note that it has considered plaintiff's remaining arguments and finds them unavailing. The Court will not discuss each of these arguments, though it will briefly touch on plaintiff's contentions that if Mr. Rusk is allowed to testify, he will necessarily reveal the FRA's "confidential" or "internal deliberative processes." *E.g., Pl. Supp. Br.*, Dkt. 211, at 8. The Court, however, will not allow such testimony; rather, as stated above, Mr. Rusk will be limited to providing his personal opinions regarding interpretation and application of the relevant track safety standards. He will not be allowed to state or intimate that his positions are, in actuality, the FRA's. Nor will he be permitted to testify about the views of other FRA employees or the positions taken by the FRA during his employment there unless those views and positions have been formally adopted and made available to the public. In addition, Plaintiff may clarify on cross examination that: (1) Mr. Rusk does not, and cannot, speak for the FRA; (2) the opinions he has rendered are not those of the FRA; and (3) the FRA has made the institutional decision to remain neutral in litigations between private citizens.

Finally, the Court is not persuaded that BNSF should be judicially estopped from arguing that Mr. Rusk should be allowed to testify. Plaintiff points to another litigation

---

[3] *Pogue* also noted in passing that the *Touhy* regulations are valid to the extent a party seeking to secure the testimony of even a *former* employee must first seek federal agency approval. 474 F. Supp. 2d at 79. The issue was not extensively discussed, however, and, for the reasons already discussed, the Court has concluded that the term "employee" in the housekeeping statute does not cover former employees. *Pogue* did not analyze this issue.

**MEMORANDUM DECISION AND ORDER - 6**

where BNSF argued that the regulations cited do, in fact, prevent former FRA official from testifying as experts. In that case, however, it does not appear that the court questioned whether the regulations were invalid based on a *Chevron* analysis of the housekeeping statute. Here, the Court *sua sponte* raised the issue, asking the parties to provide supplemental briefing. Only in response to that request did BNSF argue that the regulations are invalid. Under these circumstances, the Court will not exercise its discretion to judicially estop BNSF from arguing that former FRA employees should be allowed to testify as experts.

## ORDER

**IT IS ORDERED that** Plaintiff's renewed Motion to Strike Testimony from Kenneth Rusk and to Preclude him from Testifying (Dkt. 165) is **GRANTED IN PART AND DENIED IN PART**, as explained in this decision.

DATED: February 25, 2019

B. Lynn Winmill
U.S. District Court Judge