UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WILLIAM SHERWOOD and PAMELA LOUISE SHERWOOD, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation d/b/a The Burlington Northern and Santa Fe Railway Company, and JOHN DOES I through X,<br><br>    Defendants. | Case No. 2:16-cv-00008-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Currently before the Court are several motions in limine. *See* Dkts. 166, 168, 170, 184. Having considered the briefs and the record in this case, the Court has determined that oral argument is unnecessary and issues the following Order.

## ANALYSIS

**1.    Plaintiffs' Motions in Limine**

At issue are Plaintiffs' Motion re: Collateral Sources (Dkt. 166), Motion to Enforce Rule 30(b)(6) "No-Knowledge" Answers (Dkt. 168), and Omnibus Motion in Limine (Dkt. 170).

    **A.  Motion re: Collateral Sources (Dkt. 166)**

Plaintiffs ask the Court to exclude any evidence or argument at trial that Blue Cross or Medicare paid or obtained write-downs from Mr. Sherwood's medical providers. Dkt. 166 at 1. Defendants agree that "plaintiff should present the full amount of claimed damages and the Court would handle off-sets in post-verdict motions." Dkt. 195 at 4. As both parties point out, Idaho Code § 6-1606 prohibits double recoveries from collateral sources in any action for personal injury. *See* Dkts. 166, 195. The statute provides that judgment may be entered "only for damages which exceed amounts received by the claimant from collateral sources as compensation for the personal injury...." I.C. § 6-1606.

The Court agrees with the parties that the collateral source issue is best handled post-trial. The Court will grant the motion, reserving application of Idaho Code § 6-1606 to post trial proceedings regarding damages, if appropriate.

### B. Motion to Enforce Rule 30(b)(6) "No-Knowledge" Answers (Dkt. 168)

Plaintiffs also try to preclude Defendants from introducing evidence at trial that would contradict certain answers given by BNSF's 30(b)(6) representative during depositions. Dkt. 168 at 1. Plaintiffs' Motion purports to "enforce the Court's prior ruling" that "if the [30(b)(6)] deponent does not know the answer to the question, then BNSF will be bound by that response at trial." *Id*. at 2, quoting Dkt. 143 at 15. Defendants counter that "there is no prohibition against Rule 30(b)(6) witnesses providing clarification, explanation, supplementation, even contradiction for the testimony of other witnesses or themselves." Dkt. 193 at 3. Because Plaintiffs overstate

the scope of the Court's Order and would have the Court sidestep contrary Ninth Circuit precedent regarding the effect of 30(b)(6) deposition testimony, the Court will deny the motion.

The Ninth Circuit has repeatedly stated that corporate parties have an opportunity to clarify their 30(b)(6) representative's deposition testimony at trial, even contradicting it if there is sufficient reason to do so. While a corporate party "generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative…the testimony of a Rule 30(b)(6) deponent does not absolutely bind the corporation in the sense of a judicial admission." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1103 (9th Cir. 2018). Like any other deposition, 30(b)(6) testimony can be "contradicted and used for impeachment purposes." *Id.* (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.25[3] (3d ed. 2016)). The Ninth Circuit's endorsement of hornbook law on this issue makes clear that a party is not precluded from introducing evidence at trial that contradicts the testimony of its 30(b)(6) representative. Plaintiffs may, however, use the corporation's deposition testimony for impeachment purposes, or to point out instances where BNSF might be introducing contradictory evidence without good reason or explanation. *See id*. at 1103. Any suggestion that the Court's Order (Dkt. 143) stating that BNSF would be "bound" by a response if the 30(b)(6) deponent did not know the answer to the question overstates the scope of the Court's Order and would run counter to controlling Ninth Circuit precedent. Therefore, Plaintiffs' Motion to Enforce 30(b)(6) "No-Knowledge" Answers will be denied.

Depending upon the testimony given, the Court may consider giving the jury an explanatory instruction on the function of the 30(b)(6) deposition and the obligation of the deposed party to offer a representative who is knowledgeable and able to address the topics identified by the deposing party.

### C. Plaintiffs' Omnibus Motion in Limine (Dkt. 170)

Plaintiffs' Omnibus Motion in Limine asks the Court to exclude any argument, reference, testimony, or documentary evidence pertaining to three (3) issues: (1) possible reasons that might have motivated former Plaintiffs' former spouse to dismiss her claims; (2) Mr. Sherwood's former illegal drug use; and (3) Mr. Sherwood's alleged character or habit of enjoying speed or taking risks. Dkt. 170 at 1-2.

Under Rule 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. All relevant evidence is admissible, unless otherwise proscribed by law. Fed. R. Evid. 402. Evidence that is not relevant is not admissible. *Id*. Under Rule 403, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

#### 1. Pamela Sherwood's Motivations for Dismissing Her Claims

Plaintiffs argue that that the motivations of Mr. Sherwood's former spouse, Pamela Sherwood, to dismiss her claims are irrelevant to any claim or defense at issue in

this litigation under Rules 401 and 402. Dkt. 170-1 at 1-2. The Court agrees with Plaintiffs that speculation about Pamela Sherwood's motivations for dismissing her claims against Defendants is irrelevant will not be admitted at trial.

Robert and Pamela Sherwood were married at the time of Mr. Sherwood's accident and filed the current lawsuit against Defendants. Dkt. 1. Mr. Sherwood and Ms. Sherwood later divorced, and Ms. Sherwood dismissed her claims against Defendants. *See* Dkts. 137, 138. Ms. Sherwood's motive for dismissing her claims do not tend to make any consequential fact more or less probable in this case. *See* Fed. R. Evid. 401-402. "Moreover, it comports with public policy for courts to encourage parties to voluntarily dismiss unnecessary claims and streamline the proceedings." *See Silver State Intellectual Techs., Inc. v. Garmin Int'l, Inc.*, No. 11-1578, 2015 WL 2152658, at *2 (D. Nev. May 7, 2015).

Therefore, the Court will grant Plaintiffs' motion to exclude any argument, reference, testimony, or documentary evidence pertaining to Pamela Sherwood's motivations for dismissing her claims.

2. **Mr. Sherwood's Former Illegal Drug Use**

Plaintiffs argue that references to Mr. Sherwood having tried cocaine a couple of times decades ago is irrelevant and inadmissible under Rules 401 and 402. Dkt. 170-1 at 2. In his mental examination report, Dr. Ronald Klein mentions that Mr. Sherwood used cocaine at age 30 but has since "discontinued the practice." Dkt. 44-2 at 6. Mr. Sherwood is now in his sixties. *See Id.* at 2. Defendants have not argued that Mr. Sherwood was

under the influence of alcohol or illegal drugs at the time of the accident, or even that he has used drugs recently. The Court finds that any such testimony has no probative value, and would be significantly prejudicial to Mr. Sherwood; any evidence about his long-past drug use is inadmissible. *See* Fed. R. Evid. 401, 403.

Therefore, the Court will grant Plaintiffs' motion to exclude any argument, reference, testimony, or documentary evidence pertaining to Mr. Sherwood's former illegal drug use.

### 3. Mr. Sherwood's Personality Trait or Habit for Speed or Risk-Taking

Plaintiffs argue that Mr. Sherwood's personality trait or habit for speed or risk-taking is inadmissible under Rules 404 and 406, and is more prejudicial than probative under Rule 403. Dkt. 170-1 at 2-5.[1] Defendants counter that they should be allowed to offer evidence of Mr. Sherwood's habitual, "semi-automatic approach in carrying out specific avocational activities involving vehicles." Dkt. 194 at 3. Defendants further argue that Mr. Sherwood's pursuits are evidence of a "habit of pushing the limit on speed" and that this habit was the "cause" of the accident. *Id.*

Evidence of "habit" may be admissible to prove a party acted in conformity with that habit on a particular occasion. Fed. R. Evid. 406. However, there must be evidence to show that the conduct occurred frequently enough to qualify as a routine practice under

---

[1] The Court has already addressed this issue under Rules 403 and 404 in its Order granting Plaintiffs' motion to limit the testimony of Dr. Ronald Klein. Dkt. 215. However, the Parties did not directly raise the Rule 406 "habit" issue in the previous motion in limine, so the Court will consider it here.

Rule 406. *Fort Hall Landowners All., Inc. v. Bureau of Indian Affairs*, 407 F. Supp. 2d 1220, 1226–27 (D. Idaho 2006). "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), overruled on other grounds by *United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007). "The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence." *Id*. at 799.

Here, there is no evidence that Mr. Sherwood had developed a habit for unsafe speed or risk-taking on bicycles under Rule 406. Although Defendants point to Mr. Sherwood being a former racecar driver, dune buggy driver, and a mountain biker, there is no evidence of a "regular practice" of "pushing the limit on speed." *See Angwin,* 271 F.3d at 799; Dkt. 194 at 3. Furthermore, Defendants cannot point to any instances when Mr. Sherwood participated in these activities in an unsafe manner. Dkt. 170-1 at 3. Mere participation in these activities does not constitute a "regular practice" of "pushing the limit on speed," or suggest that Mr. Sherwood is "semi-automatic[ally]" putting his health at hazard. *Id.* at 2; Dkt. 194. Even if Plaintiffs' evidence satisfied the "regularity or numerosity" requirement under Rule 406, because they have done nothing to show Mr. Sherwood's behavior is reflexive or described the alleged habit with sufficient particularity, the Court will grant Plaintiffs' motion to exclude any argument, reference,

testimony, or documentary evidence pertaining to Mr. Sherwood's personality trait or habit for speed or risk.

2. **Defendants' Motions in Limine**

The Court also has before it Defendants' Motion in Limine to Exclude Alan J. Blackwell From Testifying at Trial (Dkt. 184). Defendants argue that Mr. Blackwell (a) offers testimony that is irrelevant and unhelpful under Rule 702 and (b) that he is not qualified to offer several of the opinions in his expert reports and deposition testimony.

**A. Mr. Blackwell Is Not Qualified to Testify About the Law or Evidence Preservation**

As the Court has pointed out in its previous Orders in this case, a witness must be sufficiently qualified to render expert opinions. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010); Fed. R. Evid. 702. A witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert* 509 U.S. at 592–93; *Kunho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

An expert's testimony must also be relevant. Under Rule 702, for expert testimony to be relevant it must be sufficiently tied to the facts of the case so that it is of assistance to the trier of fact in resolving a disputed issue. *Daubert*, 509 U.S. at 591, 113 S.Ct. 2786. In other words, the expert's opinion must "fit" the facts of the case and serve a "helpful"

purpose to the jury. *Id.* In evaluating relevancy, "the court must determine whether there is 'a link between the expert's testimony and the matter to be proved.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir.2007).

Defendants first ask the Court to prohibit Mr. Blackwell from "offering new opinions and/or testimony at trial regarding I.C. § 62-306." Dkt. 184 at 8. Defendants want to specifically prevent Mr. Blackwell from opining on "what is required by the 'smooth and firm' language of I.C. § 62-306 and/or whether BNSF met the requirements of the statute." *Id.* Defendants are correct that it is in inappropriate for an expert witness to "give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017). The Court does not understand this to be the within the expected scope of Mr. Blackwell's testimony based on a review of his expert report and deposition. Nevertheless, the Court agrees with Defendants that it would be inappropriate for Mr. Blackwell to opine on the ultimate legal issue of whether BNSF complied with I.C. § 62-306, and will grant their motion to the extent it would prevent Mr. Blackwell from doing so at trial.

The Court also agrees with Defendants that Mr. Blackwell lacks the requisite qualifications to offer expert testimony regarding evidence preservation. Mr. Blackwell's third supplemental report indicates he intends to testify regarding BNSF's evidence retention practices. Dkt. 186-5 at 4. As Defendants point out, however, Mr. Blackwell has no education in the area of evidence preservation, and does not have any relevant experience in the field. Dkt. 202 at 9-10. Because Mr. Blackwell bases his opinions on

the subject "on [his] experience" throughout his reports, he must have the CV to back those opinions up. He does not. *See generally* Dkt. 186. As such, the Court will grant Defendants motion in limine to prevent Mr. Blackwell from testifying regarding the issue of BNSF's evidence preservation practices.

### B. Mr. Blackwell is Qualified to Offer Opinions on Railroad Maintenance

The Court will deny the balance of Defendants' motion in limine to exclude the testimony of Mr. Blackwell. Defendants argue both that Mr. Blackwell offers opinions that are unhelpful to the jury, and that he is unqualified to serve as an expert in railroad maintenance. Dkt. 184 at 10-16. Plaintiffs point out, however, that Mr. Blackwell's reports and testimony reflect numerous opinions that will be helpful to the jury: "how the different components of track structure work together to maintain the integrity of the track; the function of each of those track components; the importance of proper drainage to the structural integrity of the track," among others. Dkt. 199 at 10-11. As Plaintiffs point out, Mr. Blackwell is sufficiently qualified to arrive at these conclusions regarding railroad maintenance, and uses the same methodology as Defendants' expert, Mr. Rusk. Dkt. 199 at 12; Dkt. 199-1 at 7-12. Because Defendants cannot refute Mr. Blackwell's significant experience in the field of railroad maintenance, and because his expert opinions on the subject will be helpful to the jury, the Court will deny Defendants' motion to the extent it attempts to prohibit Mr. Blackwell from testifying on these subjects.

**ORDER**

**IT IS ORDERED THAT:**

(1) Plaintiffs' Motion re: Collateral Sources (Dkt. 166), is **GRANTED.**

(2) Plaintiffs' Motion to Enforce Rule 30(b)(6) "No-Knowledge" Answers (Dkt. 168) is **DENIED.**

(3) Plaintiffs' and Omnibus Motion in Limine (Dkt. 170) **GRANTED in part and DENIED in part** as explained above.

(4) Defendants' Motion to Exclude Alan J. Blackwell From Testifying at Trial (Dkt. 184) is **GRANTED in part and DENIED in part** as explained above.

DATED: March 4, 2019

_____
B. Lynn Winmill
U.S. District Court Judge