UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT WILLIAM SHERWOOD and PAMELA LOUISE SHERWOOD, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation dba The Burlington Northern and Santa Fe Railway Company, and John Does I through X,<br><br>Defendant. | Case No. 2:16-cv-00008-BLW<br><br>**MEMORANDUM DECISION** |

Previously, the Court issued its Order Re: Defendant's Omnibus Motion in Limine (Dkt. 182), in which I granted that portion of the motion seeking an order prohibiting Sherwood from presenting evidence of alleged spoliation of evidence by BNSF. *See* Dkt. 222. My ruling became a central issue during the trial, as Sherwood repeatedly made a proffer as to what evidence of spoliation they would

1

have offered, but for my pretrial ruling. While I am satisfied with the decision I had issued, I indicated to counsel that I intended to supplement that decision to reinforce my reasons for granting BNSF's motion. This Memorandum Decision will serve that function.

As I pointed out in my earlier decision, the linchpin to Sherwood's argument regarding the November 2014 rehabilitation of the railroad crossing is that BNSF's sophisticated claims department should have known that the ballast, lags and panels would be key evidence in the anticipated lawsuit. However, the claim made by Sherwood has always been tied to a gap between the concrete planks, and plaintiff provided no evidence that BNSF was on notice that he would claim that the gap was caused by fouled ballast and inadequate drainage under the crossing, until long after the rehab had been completed.

In my decision, I found that BNSF did not have an obligation to preserve the evidence, because it did not know, or reasonably should have known, that the evidence was potentially relevant. I did not address whether BNSF acted in bad faith or destroyed evidence intentionally to prevent its use in this case, because that is not necessary to imposing spoliation sanctions under current Ninth Circuit case law. *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (1993). However, that precedent may be revisited given recent changes to Rule 37. With the 2015 Amendments, the Rule requires a finding by the court that a party acted with the intent to deprive

2

another party of the use of electronically stored information (ESI) in litigation before an adverse inference instruction – permissive or mandatory – may be given to the jury. Fed .R. Civ. P. 37(e)(2)(B). While Rule 37(e) only addresses ESI, I can think of no reason why the same principle should not govern the resolution under common law of a claim that physical evidence was spoliated. Because I anticipate that the Ninth Circuit may revisit the issue in this, or some other, appeal, I will make clear that the record before me would not support a finding of bad faith or intentional conduct as would be required by Rule 37 if this dispute involved ESI rather than physical evidence.

In my first decision, I also pointed out that plaintiff never filed a motion asking the court to impose a discovery sanction based on the alleged spoliation; instead, plaintiff waited until the eve of trial and then simply included an adverse-inference instruction in his proposed jury instructions – despite earlier direction from Judge Lodge, who was then presiding over the case, that the issue should be raised in the context of a discovery motion. *See* Sept. 28, 2018 Order, Dkt. 152, at 10. Now, I will underscore why the timing of the request is significant. Motions for spoliation sanctions should always be made as soon as facts underlying the spoliation claim are discovered. All spoliation sanctions are extreme in effect. That is why a court, upon finding prejudice, "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). This, in turn, requires

that a judge consider a full range of options, including ordering additional discovery that may remedy the loss of evidence, permitting additional depositions, or working with counsel to find other means of curing the prejudice without affecting the substantive rights of the parties. However, those options can only be undertaken while discovery is still ongoing, and can almost never be considered or applied on the eve of trial. It is for that reason, that Judge Lodge urged the parties to submit the issue to the court in a separate motion. *See* Sept. 28, 2018 Order, Dkt. 152, at 10 (directing plaintiff to raise spoliation in a separate motion; observing that "the spoliation issue is a request for sanctions concerning a discovery violation"). It also provided me with an additional reason to reject Sherwood's request on the eve of trial that he be permitted to offer spoliation evidence and the jury be given an adverse inference instruction. But, as I pointed out in my earlier decision, I concluded that a spoliation sanction was unwarranted in this case, even if it had been requested in a timely manner.

Finally, I would note that Rule 403 provided another basis for my decision not to permit evidence of spoliation to be submitted to the jury. The probative value of such evidence would have been slight, since Sherwood was able to pursue his theory of fouled ballast causing the planks to separate without it. And any probative value would have been substantially outweighed by how such evidence

4

would have confused the issues, misled the jury, caused undue delay, and wasted time during the trial. Fed. R. Evid. 403.

DATED: March 28, 2019

B. Lynn Winmill
U.S. District Court Judge